LEE HAYS v. THE STATE.

No. 8469.   Delivered May 28, 1924.

Rehearing denied October 10, 1924.

1.—Transporting Intoxicating Liquor—Sufficiency of Evidence.

Though defendant testified that he was transporting the liquor for his own use and for medicinal purposes, it cannot be said that the jury was bound to accept his testimony as to his intent or purpose for which he was transporting the liquor. Having held against him on the issue, the verdict of the jury cannot be disturbed.

Appeal from District Court of Cook County.   Hon. C. R. Pearman, Judge.

Appellant was convicted for unlawful transportation of intoxicating liquor, and he appeals.   Affirmed.

*Culp, Culp & Culp,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Appellant, having in his possession three quarts of whisky, while traveling in an automobile upon the public road, was accosted by officers.   Upon observing them, he undertook to break the jars containing the whisky, which were wrapped up in his coat and laying on the floor of the car.   He succeeded in breaking two of the jars.   One of them, however, was unharmed.   He and his companion also endeavored to evade the officers, but were prevented from doing so by shots fired into the casings of their car.

Appellant made a written confession in which he admitted the transportation of the whisky and in which there was embraced no claim that it was transported for a lawful purpose, though in his testimony upon the trial and by that of his wife the theory is advanced that the whisky was transported for medicinal purposes.

That the testimony of the appellant and his witnesses, if accepted as true, would show that the whisky was transported for medicinal purposes is, to say the least, questionable. Appellant's wife testified that she had previously taken some whisky under the direction of a doctor; that this was while she was in confinement two years before the present occurrence. If we comprehend her testimony and that of the appellant, there is no statement that either of them was sick, that any member of the family was sick, or that whisky had been prescribed. The extent to which his testimony goes is that there was something wrong with him and that whisky helped him; that lung trouble ran in his family and that there was something the matter with his lungs; that he took the whisky in the form of a toddy, that is, he took one every morning; that this kept him from coughing; that he had been injured while in the army and had contracted a cough; that he had taken whisky under the direction of a doctor while in the army. The doctor named by the appellant and his wife testified that he had attended the wife of the appellant while she was in confinement and that at that time there was something said about her taking whisky though he gave no prescription for it. Conceding, however, that the evidence is sufficient, if believed, to raise the issue, it cannot be said that the jury was bound to accept the testimony of the appellant as establishing the intent or purpose for which he was transporting the liquor. It is true that the jury may not arbitrarily disregard evidence. Satterwhite v. State, 6 Tex. Crim. App., 609; Jones v. State, 5 Tex. Crim. App., 86; Fisher v. State, 4 Texas Crim. App., 18; Chester v. State, 1 Texas Crim. App., 702. The statute, Article 786, C. C. P., makes the jury the judge of the credibility of the witnesses and the weight to be given to their testimony. Under this rule, it is believed that where, as in the present case, there is established against one accused of crime the commission of an act which is criminal, the testimony of the accused explaining that his intent in committing the act was innocent, is not conclusive. The interest of the accused we understand to be a matter always open to consideration by the jury. Underhill on Crim. Ev. (3 Ed.), sec. 375. In the present case, moreover, the appellant, in his confession made soon after his arrest, gave no explanation of his transportation of the whisky consistent with his innocence. He did not then declare that he was transporting it for medicinal purposes. In view of the present record, it cannot be held that the uncontroverted proof showed that the whisky was transported for medicinal purposes.

The court instructed the jury, in substance, that if the whisky was transported for medicinal purposes, there should be an acquittal. The judgment is affirmed.

Motion for rehearing overruled.

*Overruled.*