HERMAN FRENCH V. THE STATE.

No. 16559. Delivered March 21, 1934.
Rehearing Denied May 9, 1934.

The opinion states the case.

*W. C. Baker,* of Kerrville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is carrying a pistol; the punishment, a fine of one hundred dollars.

Appellant insists that the evidence is insufficient. We are unable to agree with him. State's witness, Isaac Conn, testified that he saw appellant at his (the witness') filling station at three o'clock in the morning of December 19, 1932, and that he had a pistol on his person. He testified further that this occurred on the morning after the post office at Hunt was burglarized. Upon cross examination he testified that he did not see anything except the handle of the pistol. On his direct examination appellant testified that the pistol belonged to Robert Cobb, who had delivered it to him (appellant) for the purpose of repairing it; that the trigger spring was broken; that he had been unable to repair it and was taking it back to Mr. Cobb at the time he was seen carrying it at the filling station of the witness Conn; that the pistol would not shoot. Upon his cross examination, appellant testified in effect that he burglarized the post office at Hunt shortly before he was seen by the witness Conn at the filling station. We quote from his testimony as follows: "Yes, this was the morning after the post office had been broken into. No, I did not have that pistol for the purpose of robbing the post office. No, the pistol would not shoot. The trigger spring was broken all the time it was in my possession. I put it on my belt because I had forgotten it and left it in the car once before, and I put it on me when I went to Mr. Conn's to be sure I would not forget it. I did not fix it because I did not have the material with which to fix it. I suppose you could have taken a rock or something and hit the trigger and discharged the cartridge. * * * There were no cartridges in the pistol at any time while it was in my possession." The testimony last quoted was given after appellant had testified that he had pleaded guilty to burglarizing the post office on the occasion in question. Mr. Cobb testified that he had delivered his pistol to appellant two or three days before December 19, 1932, for the purpose of having it repaired, and that appellant afterwards returned the pistol to him without having repaired it. He testified further that the pistol would not shoot.

Appellant waived a trial by jury. The trial court was warranted in concluding that the pistol possessed by appellant at three o'clock in the morning shortly after he had burglarized the post office at Hunt was in good working order. One who had come from the scene of a burglary he had committed would not likely be carrying a pistol he was unable to shoot. The trial judge probably concluded that appellant's statement of the matter was unreasonable and intrinsically weak. Under the cir-

cumstances, he was authorized to reject appellant's version. It is true that Mr. Cobb testified for appellant that he had delivered his pistol to appellant to be repaired. The trial judge might have believed this testimony and yet have reached the conclusion that the pistol appellant had in his possession at three o'clock in the morning at the filling station was not Mr. Cobb's pistol.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—One accused of crime may testify, article 710, C. C. P. The jury, or the court below, if trial be had before the judge without a jury, may refuse to accept the truth of the appellant's testimony. Mason v. State, 85 Texas Crim. Rep., 254; Wilson v. State, 92 Texas Crim. Rep., 118; Hays v. State, 98 Texas Crim. Rep., 181; Payne v. State, 100 Texas Crim. Rep., 241.

No witness asserted that the pistol had by appellant in this case, at 3 A. M. the night he burglarized a postoffice, was the one shown by testimony to have been gotten from Mr. Cobb,— save the testimony of appellant himself. It would at once appear unlikely that one embarking on a criminal enterprise of such magnitude as robbery of a postoffice would arm himself with a pistol which would not shoot. There being no controversy over the fact that appellant did have a pistol on his person at 3 o'clock on the night in question, we are unable to bring ourselves to believe that the court was not within his discretion in declining to accept the defensive theory that said pistol was a broken one belonging to Cobb. Appellant's motion is well prepared, logical and courteous in its tone. We regret that we are not able to accede to its request.

The motion for rehearing is overruled.

*Overruled.*