LESTER B. DAVIS V. STATE.

No. 26,871. March 3, 1954.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 14, 1954.

*R. E. Murphey,* Coleman, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is transportation of whiskey in a dry area; the punishment, a fine of $100.00.

Sheriff Fenton testified that on the day in question he observed the appellant driving his automobile in the city of Coleman; that he followed him, remaining a discreet distance behind him; that appellant drove out of the city limits onto a farm-to-market road; that he saw the appellant turn around and park on the shoulder of the road. Evidently there was a time when the sheriff was unable to observe the appellant because he next testified, "When I first saw him he was running

toward his car from the fence on the North side of the road. At that time I had also stopped. He got into his car and started back toward town and as he approached I got out of my car and walked to the front of my car and raised my hand as a signal for him to stop.

The sheriff testified that he found two half-pints of whiskey in appellant's automobile. On cross-examination the sheriff stated that he did not see anything in appellant's hand when he came running from the fence by the side of the road.

Appellant, testifying in his own behalf, stated that on the day prior to his arrest he and his friend Martin had driven to Menard, where he had brought the two half-pints at a liquor store; that he put them in the trunk of his automobile; that when he got home that night he had forgotten to take them out of the trunk; that on the following morning, not wishing to be seen taking the whiskey out of the trunk within the city, he drove out in the country so that he might do so without being observed; and that he did transfer the whiskey from the trunk to the front of his automobile on the country road. He does not however, explain what he was doing over at the "fence on the North side of the road."

Mr. Martin corroborated appellant's testimony as to the purchase of "two half-pints of whiskey" in Menard.

Appellant challenges the sufficiency of the evidence to support the conviction. His position seems to be that, since the sheriff stated that he did not see anything in appellant's hand as he ran from the fence, we and the jury must accept appellant's testimony as true and that by such testimony he brought himself within the exception found in Article 666-23a, V.A.P.C.

With this we cannot agree. The trial court submitted to the jury appellant's affirmative defense as contemplated by such article, and we find no objection to the charge.

Bill of Exception No. 1 complains of argument of the county attorney wherein he said, "This man did not have the whiskey for his own use. He had stashed it there and went there to get it for the purpose of selling it." The court sustained the objection, but declined to instruct the jury to disregard it.

This was clearly a statement of the state's theory of the

case, and we think is a logical conclusion from the fact that the sheriff suspected the appellant of something, followed him into the country, and saw him running from the fence.

Finding no reversible error, the judgment of the **trial court** is affirmed.