**Jesus Fazia CASTANEDA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39504.**

Court of Criminal Appeals of Texas.

April 6, 1966.

Rehearing Denied May 25, 1966.

William J. Gillespie, Jack McClendon, Lubbock, for appellant.

Fred E. West, County Atty., Wm. Quinn Brackett and Carson Smith, Asst. Dist. Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is unlawfully transporting beer in a dry area; the punishment, a fine of $400.

Trial was before the court on a plea of not guilty.

The statement of facts reflects the following:

On the 20th day of February, 1965, in Justice of the Peace Precinct No. 1 in Lubbock County, Texas, an admittedly dry area, David L. Carpenter, an Inspector for the Texas Liquor Control Board, was working with Inspector William E. Thomas. They were parked on U. S. Highway 87 conferring with Homer Cleckler, a State Highway Patrolman. The appellant passed them driving his automobile north toward the City of Lubbock. The officers pursued the appellant and he was stopped by the Highway Patrolman. A search was conducted by all three officers and 48 12 oz. cans of beer were found under the hood of the automobile sitting on the motor.

The appellant took the stand in his own behalf and testified that he was taking the beer to his home for his own use and that the beer was under the hood because he was afraid of the officers, one of whom had stopped him previously. The trial court, sitting without a jury, resolved the issue against the appellant and returned a verdict of guilty.

Appellant's first two propositions present the contention that the evidence as to the beer found under the hood of his car was obtained through a search and seizure incident to an unlawful arrest and the admission of such evidence deprived him of the rights guaranteed by the 4th and 14th Amendments to the Constitution of the United States.

Inspector Carpenter testified that he had received information from an informant from whom he had previously received information that he found to be true and accurate that appellant "was bringing in a load of beer to Eva Martinez" and that while they were parked out on the highway talking to Patrolman Cleckler, appellant came by and he told Cleckler: "that's who I wanted and he went and stopped him for us."

Patrolman Cleckler testified that he stopped the car upon instructions from Inspector Carpenter and asked appellant for his driver's license.

■ We overrule the contention that the search was illegal. Risby v. State, 170 Tex.Cr.R. 417, 341 S.W.2d 445, cited by the state, sustained such holding.

■ Our prior opinions cited by the state also sustain its contention that appellant is in no position to complain of the admission of the evidence obtained as the result of the search of appellant's car, he having testified that he hid the beer under the hood of his car and that the officers found it there after he was stopped. Hudson v. State, 170 Tex.Cr.R. 400, 341 S.W.2d 448; Spencer v. State, 154 Tex.Cr.R. 106, 225 S.W.2d 174; Jenkins v. State, Tex.Cr. App., 367 S.W.2d 343; Daniels v. State, Tex.Cr.App., 387 S.W.2d 886; 5 Tex.Jur. 2d, Sec. 446, pages 707, 708.

The remaining proposition presented is the contention that the trial court erred in convicting because there was no evidence offered by the state to controvert appellant's testimony that the beer was being transported by him to his own home for his own use.

Appellant's testimony is deemed sufficient to raise the issue of whether the transporting of beer was lawful under the ex-

ception found in Art. 666–23a (1) Vernon's Ann.P.C. which provides that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal. See Middlebrook v. State, Tex.Cr.App., 387 S.W.2d 51.

The trial judge was not bound to accept appellant's testimony as to his purpose and intent as true. Sandoval v. State, 172 Tex.Cr.R. 369, 357 S.W.2d 388; Davis v. State, 159 Tex.Cr.R. 645, 266 S.W.2d 123; French v. State, 126 Tex.Cr.R. 246, 70 S.W.2d 1002; Hutspeth v. State, 158 Tex. Cr.R. 188, 254 S.W.2d 130; Allen v. State, 158 Tex.Cr.R. 666, 259 S.W.2d 225; Linsey v. State, 161 Tex.Cr.R. 599, 279 S.W.2d 862.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.