### EDWARD BLOSS v. THE STATE.

#### No. 4109. Decided June 7, 1916.

Pandering—Practice on Appeal—Appeal Bond—Dismissal.

Where, upon appeal from a conviction of pandering, the record contained neither bills of exception nor a statement of facts, and the indictment charged an offense, there is no question presented for review; besides it appeared from the record that appellant gave an appeal bond instead of entering into a recognizance, wherefore the appeal must be dismissed.

Appeal from the District Court of Eastland. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of pandering; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of appeal bond in vacation: Roberson v. State, 60 Texas Crim. Rep., 514; Laird v. State, recently decided.

HARPER, JUDGE.—Appellant was convicted of the offense of pandering and his punishment assessed at five years confinement in the State penitentiary.

The record contains no bills of exception, and no statement of facts accompanies the transcript.

The indictment charges an offense, and under such circumstances there is no question presented we can review.

It is further made to appear that while the court was in session appellant, instead of entering into a recognizance, gave an appeal bond and was released from custody. Consequently, the State's motion to dismiss the appeal must be sustained.

The appeal is dismissed.

*Dismissed.*