## Alec Lang v. The State.

### No. 4193. Decided November 1, 1916.

Assault to Murder—Jurisdiction—Appeal Bond—Recognizance—Statutes Construed.

Under article 902, Code Criminal Procedure, when a defendant appeals during term time of the trial court, and desires not to remain in jail pending the appeal, he must enter into a recognizance and under article 904, Code Criminal Procedure, he may enter into an appeal bond in vacation, and where, after notice of appeal and while the court was in session, the defendant entered into an appeal bond approved by the sheriff and trial judge, the jurisdiction of this court did not attach to pass upon his appeal. Following Bloss v. State, 187 S. W. Rep., 487.

Appeal from the District Court of Montgomery. Tried below before the Hon. J. Llewellyn.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. T. Bucks* and *Dean, Humphrey & Powell,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Taylor v. State, recently decided, and Bloss v. State, cited in the opinion.

DAVIDSON, JUDGE.—This is a felony conviction. Appellant gave notice of appeal, and while court was in session entered into an appeal bond, approved by the sheriff and the trial judge. Motion is made by the Assistant Attorney General to dismiss the appeal because the jurisdiction of this court can not be thus attached; that in order to attach the jurisdiction of this court under such circumstances a recognizance must be entered into during term time, or if this be not done during the term, he can obtain his release, though the appeal is pending before the Court of Criminal Appeals, by entering into an appeal bond as prescribed by the statute. Article 902 of the Code of Criminal Procedure provides that where a party desires to appeal and takes the necessary steps to accomplish that, and desires not to remain in jail pending the appeal, he may enter into a recognizance pending such appeal, provided it is in term time and he was in custody at the time. Article 904 provides that if this be not done in term time, he may secure his release from custody by entering into an appeal bond, approved by the sheriff and the trial judge, in vacation. These statutes have been construed by this court. See the recent case of Bloss v. State, 79 Texas Crim. Rep., 617, 187 S. W. Rep., 487. It seems to be the purpose and the wording in fact of our statute that recognizances can only be entered into during term time, and that in order to consummate an appeal to this court, the trial court being in session, the party can not give an appeal bond; he must enter into a recognizance. Whether this be a hardship or not, it seems to be the plain statutory enactment. Under no decision that we have been able to find can a party, in a felony, after term time, enter into a recognizance. In that character of case the Legislature provides that he may give an appeal bond. But in cases of this character the jurisdiction of this court can not attach without statutory obligation was entered into as required by law. It may be well enough for the Legislature to change this rule, but not having done so, this court can not do so.

Under the record as made the jurisdiction of this court does not attach, and the appeal must, therefore, be dismissed, and it is accordingly so ordered.

*Dismissed.*