## RICH GALLON v. THE STATE.

### No. 4458.    Decided May 2, 1917.

**Local Option—Recognizance—Appeal Bond.**

   Where, upon appeal from a conviction of a violation of the local option law, defendant gave an appeal bond instead of entering into a recognizance, and was given his liberty, the appeal must be dismissed. Following Laird v. State, 79 Texas Crim. Rep., 129.

Appeal from the District Court of Morris. Tried below before the Hon. J. A. Ward.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General. for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for an unlawful sale of liquor, a felony, and assessed the lowest punishment.

During the term he appealed, and instead of entering into a recognizance in open court, he gave an appeal bond and was thereupon given his liberty. The only way he could have legally been discharged at the time he was, was by entering into a recognizance instead of giving an appeal bond. His giving the appeal bond and obtaining his liberty thereby deprives this court of jurisdiction. Hence, the Assistant Attorney General's motion to dismiss must be granted. (Laird v. State, 79 Texas Crim. Rep., 129, 184 S. W. Rep., 810, and several cases following this decided by this court since then.)

The appeal is dismissed.

*Dismissed.*