JOE KING v. THE STATE.

No. 5009.     Decided April 24, 1918.

1.—Burglary—Appeal Bond—Recognizance—Rule Stated.

This court is without jurisdiction to entertain an appeal from a judgment, in the absence of complying with the statutory regulations governing appeals, and has held uniformly that an appeal bond filed during the term at which the trial took place was not such compliance. Following Taylor v. State, 189 S. W. Rep., 142, and other cases.

2.—Same—Appeal Bond—Approval.

An appeal bond is insufficient which fails to bear the approval of both the sheriff and the trial judge. Besides, appellant should have made a recognizance in the instant case. Following Wells v. State, 68 Texas Crim. Rep., 276-277, 150 S. W. Rep., 1163, and other cases.

Appeal from the District Court of Gregg. Tried below before the Hon. Daniel Walker.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

*John T. Buckely,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Conviction is for burglary. The indictment was returned November 28, 1917, the verdict rendered the 4th of December, 1917, the motion for new trial was overruled December 13, 1917, the appeal bond appears dated the 2nd day of December, 1917, approved by the sheriff the 2nd day of January, 1918, filed the 3rd day of January, 1917, the term of court at which the trial took place adjourned January 5, 1918. These dates are stated in connection with the motion to dismiss the appeal made by the State.

We infer that the filing date of the appeal bond is a clerical error. It was probably intended to be January 3, 1918. When one desires a release pending his appeal the law requires him to make a recognizance if his case is appealed during the term at which he is tried. Art. 902, C. C. P. Failing to make a recognizance during the term, he may, after the term, be released pending his appeal by the execution of an appeal bond which must be approved by the sheriff and by the court trying the cause. C. C. P., art. 904, Vernon's C. C. P., pp. 873 and 874. This court is without jurisdiction to entertain an appeal from a judgment, in the absence of compliance with the statutory regulations governing appeals, and has held uniformly that an appeal bond filed during the term at which the trial took place was not such compliance. Taylor v. State, 80 Texas Crim. Rep., 132, 189 S. W. Rep., 142; Bloss v. State, 79 Texas Crim. Rep., 617, 187 S. W. Rep., 487; Lang v. State, 80 Texas Crim. Rep., 272, 190 S. W. Rep., 146; Gallon v. State, 81 Texas Crim. Rep., 233, 194 S. W. Rep., 1116. Neither is an appeal bond sufficient which fails to bear the approval of both the sheriff and the trial judge. Wells v. State, 68 Texas Crim. Rep., 276-277, 150 S. W. Rep., 1163. The bond in this instance bears the approval of the sheriff but not that of the trial judge, and if filed January 3, 1918, it was during the term at which the trial took place.

On the record we have no alternative but to sustain the motion to dismiss the appeal.

*Dismissed.*

PRENDERGAST, JUDGE, absent.