### R. F. THOMPSON v. THE STATE.

No. 6229. Decided April 27, 1921.

Rehearing denied November 2, 1921.

**1.—Robbery—Recognizance—Practice on Appeal.**

Where, upon appeal from a conviction of robbery, the recognizance failed to show that appellant had been convicted of any offense, and did not bind him to abide the judgment of this court, same was defective, but a sufficient recognizance having been filed, the case is heard upon its merits.

**2.—Companion Case—Rule Stated—Practice on Appeal.**

Legal questions which are raised in companion cases and, decided adversely to appellant need not be again considered.

**3.—Same—Jeopardy—Practice in Trial Court.**

Where the robbery occurred in a gambling house and a number of parties were robbed by defendant, for one of which robberies he had already been convicted, he could not interpose a plea of former jeopardy in the instant case; besides, the matter was submitted to the jury who found against him.

**4.—Same—Charge of Court—Former Jeopardy—Practice in Trial Court.**

Where, upon trial of robbery, while the court's charge may not have been appropriate in some cases where the issue was raised of former jeopardy, yet under the facts of the instant case, where many parties were robbed in one holdup, there was no reversible error. Distinguishing Spannell v. State, 83 Texas Crim. Rep., 418. However, evidence of robbing other persons at the same time was admissible as *res gestae*.

Appeal from the District Court of Eastland. Tried below before the Honorable E. A. Hill.

Appeal from a conviction of robbery; penalty, ten years imprisonment in the penitentiary.

The opinion state the case.

*Grisham Bros.,* for appellant.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at confinement in the penitentiary for a term of ten years.

The State has filed its motion to have the appeal dismissed because of a defective recognizance. After conviction, in order to secure his release from custody pending this appeal, appellant entered into the following recognizance. "This day came before the Court in session the Defendant, R. F. Thompson and came also with him J. L. Thompson and J. T. Miller and J. A. Easterland, and the said R. F. Thompson as principal, and the said J. L. Thompson, J. T. Miller and J. A. Easterland, as his sureties, each acknowledged himself to owe and be indebted to the State of Texas, the said principal, R. F. Thompson in the full sum of $2000.00, and the said sureties J. L. Thompson and J. T. Miller and J. A. Easterland each in the sum of $2000.00 to be levied on their goods and chattels, lands and tenements; to be void, nevertheless, on condition that the said principal, R. F. Thompson, who stands legally charged in this court with the offense, that is a felony to-wit: the offense of robbery with fire-arms by indictment duly presented and pending against him in the above entitled and numbered cause, shall well and truly make his personal appearance before this, the District Court of Eastland county, Texas at this present term of said court now in session, at the Court House of said County then and there to remain from term to term and day to day of said court, to answer the said accusation preferred against him by said indictment until discharged from further liability thereon according to law." The recognizance is totally insufficient to authorize this court to entertain the appeal. It might be good as an appearance recognizance in the trial court, but is not in conformity to Articles 902 and 903, Vernon's C. C. P., setting out the requirements of a recognizance on appeal in felony cases. It fails to show that appellant had been convicted of any offense, and does not bind him to abide the judgment of this court. Where the form of the recognizance is plainly set out in the statute, as it is in Article 903, there would appear to be little excuse for not following the same. Black v. State, 68 Texas Crim. Rep., 151, 151 S. W. Rep., 1053; King v. State, 83 Texas Crim. Rep., 304, 203 S. W. Rep., 52; Westbrook v. State, 88 Texas Crim. Rep., 223, 227 S. W. Rep., 1104.

The State's motion is sustained, and the appeal is ordered dismissed.

*Dismissed.*

November 2, 1921.

HAWKINS, JUDGE.—Conviction was for the robbery of one Bill Edwards. Punishment assessed at ten years in penitentiary.

At a former term of this court, on April 27th, 1921 the appeal was dismissed because of a defective recognizance. This has been corrected. The order of dismissal is set aside, the appeal reinstated, and the case will be disposed of on its merits.

This is a companion case to causes Nos. 6227 and 6228 against the same appellant. These cases have not been reported. Opinion in 6228 was delivered June 1, 1921, and motion for rehearing overruled June 24th. Opinion in 6227 was delivered October 5th, 1921. All legal questions, save one, raised in the instant case have been decided adversely to appellant's contention in disposing of the two cases mentioned, and it would serve no good purpose to discuss them again. The evidence is sufficiently set out in our former opinions.

Appellant and his companions on the occasion inquired about appeared in a gambling house in the city of Ranger and robbed a number of parties who were present. Among those robbed was one Barnes. Appellant had already been convicted of the Barnes robbery, and when put upon trial for the Edwards transaction, interposed a plea of former jeopardy, including in, and as a part of it, the indictment and judgment against appellant for the robbery of Barnes. The court overruled the plea. In this we find no error. The indictment in the instant case charged a robbery of Edwards, in the former conviction, that of Barnes. The court would have been unauthorized to hold as a matter of law that the transactions were the same, and that a conviction in one barred the other. The learned trial judge evidently took the view that the plea raised an issue of fact, and submitted it to the jury. We do not believe under the evidence the court was required to submit it, but having done so, and the jury having settled the issue against appellant, we fail to find wherein he has been injured.

The court submitted this issue to the jury in the following language:

"I therefore charge you that if you believe that the defendant has heretofore been convicted of the same offense against the same person at the same time and place, you will return a verdict of not guilty, or if you have a reasonable doubt that the defendant has been convicted of the same offense as charged in this case you will acquit the defendant and say by your verdict 'not guilty.'

"In this connection, you are charged that our law provides that before a person is entitled to be acquitted upon a plea of former conviction that the evidence must show that the offense with which he is charged, if any, occurred at the same time and the same place and upon the same person, and that the same evidence must be introduced to prove the latter as was used in proving the former offense."

Appellant objects to the foregoing charge because former jeopardy is made to depend upon a conviction "of the same offense against the same person at the same time and place." The charge complained of doubtless would not be an appropriate instruction in some cases where the issue was raised, but under the facts of this case where many parties were robbed in one "holdup" we have discovered no vice in it. We do not believe the Spannell case (83 Texas Crim. Rep., 418) supports appellant's theory of former jeopardy. In that case Spannell's contention was that he was firing at Butler, his single motive and intent being to kill him, and that accused was acting in self-defense, his wife being killed by accident. Having been acquitted of killing his wife on the plea that he had no intent to kill her, and was justified in shooting Butler, there was support for his contention in a subsequent trial for killing Butler that the issue had already been once tried and settled in his favor. No such contention can be logically urged in the instant case. The intent here on the part of appellant and his co-principals was to rob every one whom the evidence shows they did rob. The offense was not completed as to Edwards, until his robbery was effected. The evidence as to the completion of the latter offense was admissible in the trial of accused for robbing Barnes because part of the *res gestae,* but his conviction in the Barnes case was in no way a bar to this prosecution.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*