FRANK G. BENAVIDEZ V. STATE

No. 28,634. November 28, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 9, 1957.

*Roy A. Scott* and *Walter E. Chastain,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully possessing marijuana, with punishment assessed at seven years in the penitentiary.

Police officers apprehended appellant sitting in the cab of his truck while parked upon a street in the city of Galveston.

A search of the truck revealed a quantity of marijuana cigarettes, some on the front seat and on the floor board and others under the seat.

In his brief, appellant very frankly and properly admits that the error there relied upon for a reversal of the conviction was the admission in evidence of the cigarettes found in the truck, because such evidence was obtained as the result of an unreasonable arrest and search of the automobile.

Were it not for the fact that appellant waived any objection to the testimony, a serious question might be presented.

Appellant testified as a witness and contended that the cigarettes had been placed in the truck by another without his knowledge and consent.

By his own testimony, then, appellant put in evidence the very fact to which he was objecting—which was that marijuana cigarettes were found in his truck. One cannot complain of the introduction of testimony when he testifies to the same fact. Johnson v. State, 118 Texas Cr. Rep. 293, 42 S.W. 2d 421; Salinas v. State, 159 Texas Cr. Rep. 619, 266 S.W. 2d 388; Clough v. State, 161 Texas Cr. Rep. 454, 278 S.W. 2d 847.

The judgment is affirmed.