**Carroll Lynn McCAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35149.**

Court of Criminal Appeals of Texas.

Jan. 2, 1963.

John W. O'Dowd, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and I. D. McMaster, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is the unlawful possession of barbiturates; the punishment, 1½ years in jail.

Appellant and her companion Glenda Kiger were shopping in a J. C. Penney Store in Houston when several pairs of gloves dropped from a bundled-up coat Glenda was carrying. She ran from the store but was apprehended and taken to the manager's office on the seventh floor. The appellant did not leave the store. After Glenda was brought back appellant went to the manager's office and offered to pay for the goods which had been taken by Glenda. She remained there until officers arrived.

Officer J. D. Walker grabbed appellant's wrist as she pulled her hand out of her coat pocket. Over objection that the evidence was obtained as the result of an illegal search, the state was permitted to prove that three bottles were taken by Officer Walker from appellant's hand, which with their contents were introduced in evidence, and was permitted to prove that in one of the bottles there were 28 red capsules which contained a barbituric acid derivative; that another contained demerol or isonipecaine, a clear liquid; and that in the third were found 7 brown capsules containing amphetamine.

The sole ground upon which reversal is sought is the refusal of the trial court to grant appellant's motion for instructed verdict, the contention being that the evidence as to the barbiturates found in appellant's possession was obtained as the result of an unlawful search incident to an illegal arrest.

We need not pass upon the question of whether the barbiturates and the evidence showing that such drugs were found in appellant's possession was unlawfully obtained, for the reason that the appellant testified at the trial:

"I had one of the bottles in my pocket and he pulled my hand out and took the bottle out of it." * * *

"Q. All right. And how did he get the other two bottles?

"A. He put his hand in my pocket and got the other two.".

* * * * * *

"Q. You knew those three bottles were in your coat pocket, did you not?

"A. Yes, sir, I did. * * *

"A. They were in my pocket but they weren't mine.

"Q. You knew they were in your pocket, did you not?

"A. Yes, sir." * * *

"Q. Without knowing what you were doing you merely took this stuff from her and put it in your pocket?.

"A. Yes, sir." * * *

"Q. And you are trying to tell this jury that you don't know what was contained in those bottles?

"A. No, sir, I have never seen it."

As we understand the record, appellant admitted having in her possession the three bottles which the officer testified he took from her hand, her defense being that she had received the bottles from a woman whose name she did not know, and that she did not know what was in them.

■ The appellant having testified and admitted that she possessed the bottles, one of which contained a barbiturate, is in no position to complain of the introduction of the evidence of the officer to the same effect. Rodriguez v. State, Tex.Cr.App., 329.

S.W.2d 282; Welch v. State, 143 Tex.Cr.R. 529, 154 S.W.2d 248, 155 S.W.2d 616.

The jury resolved the fact issues against appellant and the evidence is sufficient to sustain their verdict.

The judgment is affirmed.