**Senovio PEREZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38757.**

Court of Criminal Appeals of Texas.

Dec. 8, 1965.

Kelley, Looney, McLean & Littleton, by D. F. Martinak, Edinburg, for appellant.

R. L. Lattimore, Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is burglary; the punishment, four years.

The state's proof shows that on the night of January 21, 1965, a building occupied by Scogin's grocery in San Juan was broken into and burglarized. In the burglary, a safe weighing between six and seven hundred pounds was taken from the building. Other items of personal property were also taken, including $1,300 in cash, between thirty-five and forty cartons of Pall Mall, Camel, and Winston cigarettes, some razor blades and flashlight batteries, and a carton of cigarette lighters which was on a checking stand. The carton was shown by the evidence to be a board with ten cigarette lighters thereon.

On the night of January 23, 1965, while deputy sheriff Truett Jordan was traveling on a road south of Pharr, he observed an automobile being driven "pretty fast." He proceeded to follow the car and when he saw that it had no tail light over the license plate, he brought it to a halt. He then went to the car. Appellant was sitting on the passenger side in the front seat and Fernando Santa Maria was sitting on the driver's side. When asked what they were doing there, appellant and his companion replied, "Drinking beer." After telling appellant, who had a bottle of beer in his hand, that he was not old enough to drink, Officer Jordan shined his flashlight in the back and saw a pasteboard box on the back seat. He also observed some cartons of cigarettes and a board of cigarette lighters in the box.

Officer Jordan took the box out of the car and found that it contained some razor blades, flashlight batteries, nineteen cartons of cigarettes of different brands, and the board containing ten cigarette lighters. One Pall Mall carton of cigarettes in the box had been opened and four packages were missing therefrom.

A search of appellant revealed that he had on his person $126 in cash and one Pall Mall cigarette package in his shirt pocket with one cigarette in it. Appellant, when asked if he had any money, stated that he had $80 which he won in a crap game. A check of the numbers on the packages of cigarettes showed that the tax license number on the cigarette package in appellant's pocket corresponded with and was the same as the number stamped on the opened Pall Mall carton found in the box. It was further shown that the tax license number on the packages of cigarettes in the box was the number used by the Sweeney wholesale grocery company in McAllen from which the owner of the burglarized store purchased cigarettes.

The safe taken in the burglary was found, the day after appellant's arrest, at the city "dump," which was some three-fourths mile from where he and his companion were apprehended.

Don Scogin, the owner of the store which was burglarized, testified that he recognized the pasteboard box found on the back seat of the automobile as one used by Picard Egg Company, from which he purchased eggs in the Valley. The witness positively identified the carton of cigarette lighters, by markings thereon, as that taken from his store. He further stated that the razor blades and flashlight batteries found in the box looked like some that were stolen from the store.

Testifying as a witness in his own behalf, appellant denied having committed the burglary and, in support of his defense of alibi, stated that on the night of the burglary he attended a dance in Pharr and then returned to his home and retired. Witnesses were

also called who testified in support of his defense of alibi.

In describing his activities on the night of January 23rd, when he was arrested, appellant stated he met his companion, Santa Maria, at a pool hall in Pharr and that, from there, they went to a Seven-Eleven store and bought two quarts of beer. He stated that because he was not old enough to drink beer they drove out on a road toward a dump ground. While parked in the car, he saw a box and got out and went to see what it was. After he looked inside he called Santa Maria to help him put the box in the car. Santa Maria got out and they put the box in the car, which box was on the back seat when they were stopped by the officer. Appellant stated that the cigarette package found in his pocket with one cigarette in it was a package he took out of the box and that while driving toward Pharr he opened the package and threw all the cigarettes away but two. He also stated that the $126 he had on his person when arrested was money he had won in a crap game with some wetbacks.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals and circumstantial evidence. Appellant's defense of alibi was also submitted under appropriate instructions.

■ We first overrule appellant's contention that the evidence is insufficient to support the conviction.

■ The evidence shows a burglary of the store building. The carton of cigarette lighters in appellant's possession was positively identified by the store owner, Scogin, as the one taken from his building. Appellant's possession was unexplained at the time he was arrested. His explanation made at the time of the trial is not controlling. Morin v. State, 171 Tex.Cr.R. 138, 346 S.W.2d 327.

The proof of appellant's unexplained possession of the recently stolen property is sufficient to sustain his conviction for bur-glary. Bernadett v. State, 166 Tex.Cr.R. 621, 317 S.W.2d 747; Adame v. State, Tex. Cr.App., 372 S.W.2d 545.

■ Appellant, having admitted in his testimony his possession of the property found in the car and on his person, is in no position to object to the search on the ground that it was illegal. Soble v. State, 153 Tex.Cr.R. 629, 218 S.W.2d 195; Salinas v. State, 159 Tex.Cr.R. 619, 266 S.W.2d 388; Clough v. State, 161 Tex.Cr.R. 454, 278 S.W.2d 847; Benavidez v. State, 164 Tex.Cr.R. 82, 296 S.W.2d 774.

Error is urged to the court's refusal to grant a new trial because of certain alleged jury misconduct and improper jury argument by state's counsel.

■ Bill of exception #1 by which appellant complains of the court's refusal to grant a new trial because of alleged jury argument was by the court refused, with reasons noted in the court's bill of exception filed in lieu thereof. No action was taken by appellant after the court refused to approve the bill.

The bill cannot be considered. Holley v. State, Tex.Cr.App., 366 S.W.2d 570; Lacy v. State, Tex.Cr.App., 374 S.W.2d 244.

■ Bill of exception #2 to the court's action in refusing to grant a new trial for alleged jury misconduct was also refused by the court, with reasons stated in the court's bill filed in lieu thereof, and no further action was taken by appellant in regard to the bill.

This bill, also, cannot be considered.

■ The record contains no separate statement of facts of any evidence adduced upon the hearing of appellant's motion for new trial. In the absence of such a separate statement of facts, appellant's complaint to the court's refusal to grant a new trial on the ground of jury misconduct is not presented by an informal bill of exception, under the provisions of Art. 760e, Vernon's Ann.C.C.P.

The affidavits of the two jurors attached to the motion for new trial do not prove themselves and cannot be substituted for a bill of exception. Flores v. State, 172 Tex.Cr.R. 73, 353 S.W.2d 852.

The two bills of exception filed by the court, in lieu of appellant's bills, stating his reasons for refusing the same do not reflect error. In the court's bill of exception #1, the court refuses to certify that the argument complained of was made and further certifies that if it was made, appellant's complaint thereto was presented for the first time in his motion for new trial. In the court's bill of exception #2, it is certified that no evidence was adduced upon the hearing of appellant's motion for new trial to substantiate the alleged jury misconduct.

The judgment is affirmed.

Opinion approved by the court.