**Alfred Tennyson YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40896.

Court of Criminal Appeals of Texas.

Jan. 3, 1968.

Billy Hall, Littlefield, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for unlawfully carrying a pistol; the punishment, a fine of $100.

Appellant was represented at the trial and on this appeal by court-appointed counsel at county expense. A transcription of the court reporter's notes has also been furnished appellant, upon his pauper's affidavit, at the expense of the county.

Sgt. Jerry Collins, of the City of Littlefield police department, testified that on the night in question he stopped the appellant after observing him drive his automobile upon a public street and highway and make a left turn without giving any signal for such turn. After being stopped, appellant got out on the right side of his car and Officer Collins instructed him to place his

hands on top of the car. The officer testified that he then went to appellant's automobile and observed some rifles on the back seat, one lying in plain sight and another being partially covered. A shotgun, completely covered, was also on the back seat. The officer stated that he then found a .30 calibre Mauser pistol under the front seat on the driver's side. The pistol was loaded with nine shells.

Testifying in his own behalf, appellant stated that on the occasion in question he was taking the pistol to a repair shop to talk to the shop owner about having it repaired. Appellant also swore that he made a hand signal for a left turn before he was stopped by the officer.

The court in his charge instructed the jury to acquit the appellant if they found from the evidence or if they had a reasonable doubt thereof that on the occasion in question he was carrying the pistol while traveling or carrying it from his home to a shop or place of repair.

By their verdict, the jury chose to reject appellant's defensive testimony.

■ We overrule appellant's ground of error #6, which complains of the court's refusal to grant an instructed verdict of not guilty.

■ In his grounds of error #1, 2, 3, 4, and 5, appellant insists that the court erred in admitting the testimony pertaining to the search of his automobile and finding the pistol and other guns in the vehicle. He insists that such search without consent, warrant, or probable cause was illegal and in violation of his rights under Art. 1, Sec. 9, of our State Constitution, Vernon's Ann. St., and the Fourteenth Amendment to the Constitution of the United States, and Art. 1.06 of the Vernon's Ann.Texas Code of Criminal Procedure.

We need not pass upon the legality of the search, in view of appellant's admission while testifying in his own behalf that the pistol was under the front seat of his automobile and that the other guns were on the back seat. Vogt v. State, 159 Tex.Cr.R. 11, 258 S.W.2d 795; Bernard v. State, 172 Tex.Cr.R. 52, 354 S.W.2d 157; and Boles v. State, Tex.Cr.App., 416 S.W.2d 431.

■ Appellant complains in his seventh and last ground of error that the court erred in overruling his objections to the court's charge. He objected to the charge as a whole on the ground that the court did not properly charge the jury as to the offense of carrying a pistol; further: that paragraph 2 of the court's charge as to guilt or innocence did not properly comply with the statute as to the offense charged; that the charge did not properly charge the jury and confused them as to what they could consider in arriving at the verdict, as set out in paragraph 8 of the court's charge; and that paragraphs 5 and 6 of the court's charge shifted the burden of proof and required the defendant to prove his innocence.

Such objections are too general to comply with Art. 36.14, C.C.P., and to present error for review. Gamez v. State, 171 Tex. Cr.R. 639, 352 S.W.2d 732; Washington v. State, 171 Tex.Cr.R. 284, 349 S.W.2d 724.

■ No error appears in the charge which was calculated to injure the rights of appellant or deny him a fair and impartial trial. Art. 36.19, C.C.P.

■ We observe that the court's instruction to the jury, in paragraph 6, to disregard any evidence which they found was obtained in violation of any provisions of the Constitution and laws of this State or the United States was authorized by Art. 38.23 of our Code of Criminal Procedure.

The judgment is affirmed.