Andrew Jackson **DUCKETT**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42828.

Court of Criminal Appeals of Texas.

May 6, 1970.

See also Tex.Crim.App., 454 S.W.2d 755.

Sidney C. Farrar, Jr., Fort Worth (Court-appointed), for appellant.

Frank Coffey, Dist. Atty., R. J. Adcock, Truman Power and William A. Knapp, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for robbery by assault with a firearm with the punishment assessed at 40 years' confinement in the Texas Department of Corrections.

Prior to trial the State waived the death penalty. The appellant then waived trial by jury and entered a plea of guilty before the court after being duly admonished by the court as to the consequences of his plea.

The complaining witness, Leonard Cash, a service station operator, testified that he was robbed at gunpoint in the City of Fort Worth on December 23, 1968, by two men wearing masks, and that during the course of the robbery he was shot by one of the men. He did not identify either man.

The appellant took the stand and made a judicial confession. His extrajudicial written confession was introduced on cross-examination, the appellant admitting he had given such confession after he had received warnings in accordance with Article 38.22, Vernon's Ann.C.C.P., and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The confession reflects a written waiver of his right to counsel and other constitutional rights by this 22 year old appellant who had completed the 10th grade in school.

Such written confession further reveals that the appellant shot the complaining witness with a .22 pistol when he hesitated after being ordered to open the cash register.

At his trial the appellant was represented by court appointed counsel. Upon the giving of a timely notice of appeal the court appointed the same counsel to represent this indigent appellant on appeal.

Such counsel, having determined that the appeal was frivolous and without merit, and aware of his duties under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, followed the procedure recommended in Gainous v. State, Tex.Cr. App., 436 S.W.2d 137. He filed an appellate brief in the trial court setting forth grounds which "might arguably support the appeal." See Anders, supra. A copy of such brief was served upon the appellant, and the careful trial court, following the procedure utilized in Price v. State, Tex. Cr.App., 449 S.W.2d 73, called the appellant into open court with his attorney present and informed him of counsel's action and inquired if he desired to file a pro se appellate brief in the trial court. Appellant affirmatively replied and one week later was returned to open court where he filed such a brief.

Our examination of the record reflects that insofar as this conviction is concerned, the appeal is frivolous and without merit as appellant's counsel concluded. Most of the matters referred to in the pro

se brief are not supported by the record. As to appellant's claim that he did not have the mental capacity to enter a plea of guilty, it is observed that prior to trial the court, upon request, caused a psychiatric examination and evaluation to be made of the appellant. At the time the plea of guilty was received the court carefully inquired if the psychiatric report had been received by the appellant and his counsel and determined that upon his basis of such report, which was ordered filed among the papers of the cause, that the appellant personally and his counsel desired to withdraw any request for "a hearing on the matter of his present ability to stand trial." The appellant personally stated he was able to assist, advise and consult with his counsel in preparation for trial, and counsel also assured the court that the appellant had been able to do so. Appellant's contention is without merit.

The judgment is affirmed.