**Phillip Morris BATISTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43505.**

Court of Criminal Appeals of Texas.

March 10, 1971.

**150**

Paul Chitwood, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, ten (10) years.

■ Appellant's first ground of error relates to the legality of his arrest and a search of his person. Officer Williams testified that while on patrol on the night in question at 12:55 a. m., and while driving down an alley without lights, he observed two men behind a closed "business house;" when he illuminated his lights, the two men ran.

He gave chase, apprehended the appellant and called for "a cover squad." Williams searched appellant for weapons and found a long knife in appellant's pocket. Officer Coslin arrived and guarded appellant in the squad car while Williams searched the area. During this time, Coslin heard a police radio message broadcasting the details of a robbery which had taken place nearby and giving the details of what had been taken. While seated in the patrol car, Coslin observed the appellant, who was handcuffed, trying to get into his own left hand pants pocket. Coslin recovered from the appellant's pocket a pair of eyeglasses, which were later identified by their owner, the victim of the robbery, as being those taken away from him by the robber.

Appellant challenges the legality of the search of his person. We need not pass upon the legality of this search because appellant testified and gave his version of the arrest and asserted that the arresting officer put the glasses on his "person." In Young v. State, Tex.Cr.App., 422 S.W.2d 444, we held that an accused could not be heard to object to a search where he testified about the guns being in his automobile.

■ Appellant next contends that the evidence is insufficient to sustain the conviction.

Testimony of the complaining witness shows that, as he was walking down a street in Dallas at approximately 12:50 a. m., two Negro men came up to him, each holding a knife at his throat, and threatened to kill him if he did not cooperate with them. They then removed his eyeglasses and took a transistor radio and his wallet from him. After forcing the complainant to remove his pants, they walked away from him. As they were walking away, the complainant heard one of them say, "Come on, the cops," and he observed that the men then began to run. The complainant was unable to iden-

tify either of his assailants, as his vision was very poor without his glasses.

The court charged the jury on circumstantial evidence.

In Edmonds v. State, Tex.Cr.App., 407 S.W.2d 783, this Court reiterated the rule that "proof of appellant's unexplained possession of the property recently stolen from the house, together with proof that the house had been burglarized by someone, was sufficient to support the conviction."

Unexplained possession of recently stolen goods has been held to support a conviction for theft in numerous cases. English v. State, Tex.Cr.App., 441 S.W.2d 195; Stubblefield v. State, Tex.Cr.App., 372 S.W.2d 539.

"This court has frequently said that robbery is an aggravated case of theft because in each instance the fraudulent taking of property with intent to appropriate it is the gravamen of the offense. * * * The distinction between the two offenses lies in the antecedent assault or violence or putting in fear of life or bodily injury necessary to constitute the offense of robbery." Alaniz v. State, 147 Tex.Cr.R. 1, 177 S.W.2d 965.

"As in cases of burglary and theft, it would seem that a conviction of the defendant for robbery could well rest upon the fact that he was in possession of the loot which had recently been taken from the injured party." 5 Branch's P.C.2d, Sec. 2596, pp. 29–30.

Under the circumstances of this case, where a robbery has occurred at a location near the arrest and very close to the time of the arrest, and where the victim is unable to identify the robber, appellant's unexplained possession of the victim's eyeglasses at the time of his arrest is sufficient to sustain his conviction for robbery by assault. Cf. Prather v. State, 128 Tex.Cr.R. 342, 81 S.W.2d 528.

Appellant's last contention is that the judgment is void because of a variance between the judgment and the verdict. The judgment recites the verdict and indicates that W. H. Cothrum signed as foreman, while the verdict itself shows that Lacy L. Johnson, Jr. signed as foreman. The record reflects that W. H. Cothrum was foreman of the grand jury and apparently, due to a typographical error, his name was placed in the judgment. This variance is not fatal as the judgment may be reformed. Cedargreen v. State, Tex.Cr.App., 432 S.W.2d 524, 526.

As reformed, the judgment is affirmed.