Glenn **WALTERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44181.

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

William R. Magnussen, Fort Worth, (Only on Appeal), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault with punishment assessed at sixty-five years.

The State abandoned the first count of the indictment alleging robbery by firearms and elected to try appellant on the second count of the indictment alleging robbery by assault.

Appellant entered a plea of guilty before a jury and by a signed written application, requested that his punishment be assessed by the jury.

The appellant's written confession, in which he admits active participation in the robbery, was introduced without objection. The complainant identified the appellant and testified fully concerning the commission of the offense. Testimony of the arresting officer was offered, as well as that of two witnesses who were fired upon by the appellant and his accomplices during pursuit in a high-speed automobile chase from the scene of the crime. Proof that appellant had two prior convictions for burglary and theft was introduced. The

sufficiency of the evidence cannot be challenged.[1]

The indigent appellant was represented by counsel appointed by the court, well in advance of the trial. After his motion for new trial was overruled and he was sentenced, appellant gave notice of appeal. Appellant filed an affidavit showing his indigency and requested that the court appoint counsel on appeal, and that he be furnished with a record for appeal. The court ordered the court reporter to furnish a transcript of the testimony and appointed counsel to assist with the appeal of the case.

Counsel's brief, filed in the trial court, states after an examination of the record and after consulting with the appellant, he finds no grounds which he can urge for reversal of the case. The appellant, by a witnessed but undated receipt, acknowledges receipt of a copy of counsel's brief and a copy of the record on appeal. There appears to be full compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 and Gainous v. State, Tex. Cr.App., 436 S.W.2d 137.

Appellant pro se has filed two briefs.

Appellant complains that he was tried by a prejudiced, all caucasian jury. He states no basis for his claim of prejudice and we find none. No error is shown.

Further complaint is made that there was not served upon appellant, two days before trial, a copy of the jury list. This complaint is without merit, as appellant was not tried for a capital offense. See Art. 34.04, Vernon's Ann.C.C.P.

Other grounds urged to have been considered and are without any merit. There being no error, the judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., not participating.

---

1. " * * * a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed." Darden v. State, Tex.Cr.App., 430 S.W.2d 494, and cases there cited. See also Maldonado v. State, Tex.Cr.App., 467 S.W.2d 468.