Leonard Thomas **BRADLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44564.

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Rehearing Denied April 12, 1972.

Stone, Luther & Dyer by Curtis B. Dyer, Corpus Christi, for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault with firearms; the punishment, thirty-five years.

The appellant's first three grounds of error relate to his plea of former conviction. In his first ground of error he complains that "the trial court erred in refusing to permit the introduction of evidence to the jury on his plea of Former Conviction." His second ground of error is "the Trial Court erred in overruling the Defendant-Appellant's Plea of Former Conviction." His third ground is "the Trial Court erred in entering an order changing the terms of probation" in a prior case.

Bailey, the owner of a liquor store, was assaulted, tied up, placed in a back room, and his money was taken from him. Then Millican, a customer, entered the store before the robbers left. They placed him in fear for his life and took from him money and a watch.

The appellant was convicted in this case for the robbery of Millican.

Prior to this conviction the appellant had been convicted under a separate indictment for the robbery of Bailey. Appellant's punishment in that case assessed by a jury was ten years imprisonment. The jury's recommendation which was mandatory upon the court was that the imposition of the sentence be suspended and the appellant be granted probation. Article 42.12, Section 3a, Vernon's Ann.C.C.P. The judgment entered in that case provided that appellant make restitution to both Bailey and Millican as a condition of probation. Prior to the verdict in this case the court deleted from the prior judgment the provision requiring restitution be made to Millican.

The appellant argues that he cannot be punished twice for the offenses against Bailey and Millican arising at the same time. He relies upon Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); Duckett v. State, 454 S.W.2d 755 (Tex.Crim.App.1970); Paschal v. State, 49 Tex.Cr.R. 911, 90 S.W. 878 (1905).

In Ashe v. Swenson, *supra*, the Supreme Court of the United States held that the doctrine of "collateral estoppel" is embodied within the guarantee of the Fifth Amendment of the Constitution of the United States against double jeopardy. Collateral estoppel as explained by the Supreme Court is:

" . . . simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 U.S. at 443, 90 S.Ct. at 1194.

The court in Ashe v. Swenson, *supra,* also explained:

"The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six

punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again." 397 U.S. at 446, 90 S.Ct. at 1195.

■ The language of Ashe v. Swenson, *supra*, just quoted specifically precludes the application of its holding to the facts as they appear in this case. Here, the appellant has been convicted of both robberies and the doctrine of "collateral estoppel" is not applicable.

In Duckett v. State, *supra*, Duckett was first convicted for the offense of robbery by assault with firearms of one Leonard Cash (Tex.Cr.App., 454 S.W.2d 753), and was also convicted for assault to murder Leonard Cash (454 S.W.2d 755). Both convictions were for the same assault upon the same person occurring at the same time and place. This court reversed the second conviction, holding that the conviction for assault to murder being the same transaction and upon the same evidence as that of his earlier conviction of the offense of robbery by assault with a firearm constituted double jeopardy in violation of the Fifth Amendment to the Constitution of the United States. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

The holding in Duckett v. State, 454 S.W.2d 755 (Tex.Crim.App.1970) is not applicable to the facts in this case.

■ In Paschal v. State, *supra,* this court held that a conviction for aggravated assault barred a prosecution for assault with intent to murder, based upon the same facts. This case applied the doctrine of carving. The State can carve the minor part of a transaction and convict on that or can carve the major part of the transaction and convict on that. In this case there were separate acts and separate robberies committed. The doctrine of carving is not applicable.

In Thompson v. State, 90 Tex.Cr.R. 222, 234 S.W. 400 (1921), it was said that a conviction for robbery of one of several persons in a holdup does not bar a prosecution for robbery of another of such persons; the transactions, though occurring at the same time and place, constitute separate offenses.

In Benjamin v. State, 160 Tex.Cr.R. 624, 274 S.W.2d 402 (1954), in a prosecution for indecent fondling of a minor, the fact that the defendant had been convicted for a like offense on another boy at the same time and at the same place did not give rise to plea of double jeopardy, as each act was a separate and distinct offense.

■ The appellant's contention that the judgment in the first case requiring restitution to be paid to Millican precluded his indictment and trial for Millican's robbery is without merit. The trial court had the right to delete the requirement that restitution be made to Millican. Article 42.12, Section 6, V.A.C.C.P. gives the trial court the right to alter or modify the conditions of probation at any time during the period of probation.[1]

The trial court did not err in overruling appellant's plea of former conviction; in refusing to submit the issue to the jury; nor in changing the terms of probation in the prior case.

The appellant's fourth ground of error is "The Trial Court erred in overruling Defendant-Appellant's Motion for Mistrial for the reason that Defendant-Appellant was not delivered a list of veniremen as required under Article 34.04, Texas Code of Criminal Procedure."

■ Article 34.04, V.A.C.C.P., applies only to capital cases. Although the indictment in this case alleges a capital offense, the State abandoned its intention to seek the death penalty and it was not error to try the appellant without serving a copy of the jury list upon him as provided by Article 34.04, V.A.C.C.P. Walters v. State, 471 S.W.2d 796 (Tex.Crim.App.1971); Smith v. State, 455 S.W.2d 748 (Tex.Crim.App. 1970).

The appellant's last ground of error is "The Trial Court erred in overruling the Defendant-Appellant's objection to the introduction of a shotgun in two parts, and a chrome plated pistol, and testimony about the amount of money which was obtained without a search warrant and as a result of an illegal search and seizure."

■ Corpus Christi police officers, having knowledge that an arrest warrant for the appellant had been issued in Aransas Pass, located the appellant at a rooming house in Corpus Christi. The arresting officers, knowing that an arrest warrant had been issued, did not need to have the arrest warrant in their possession when they made the arrest. Article 15.26, V.A.C.C. P.; Cook v. State, 470 S.W.2d 898 (Tex. Crim.App.1971) and the cases there cited.

■ At the time the appellant was arrested he was lying in bed. The arresting officers saw money falling from a pillowcase on the bed. An officer shook the pillowcase, lifted the mattress and noticed parts of a shotgun protruding from under the mattress of the bed where the appellant was lying. Another officer looked under the foot of the bed and under the mattress found the rest of the sawed-off shotgun and the pistol. The weapons were within reach of the appellant. The weapons were lawfully obtained, contemporaneous with and incident to a lawful arrest under the facts of this record.

■ It would actually be unnecessary for us to determine the lawfulness of the search as the appellant, during his direct examination, testified that he placed the

1. This provision giving the trial court the right to alter or modify the conditions of probation may be limited by other provisions of the act when probation is granted by the jury. In this case, however, the trial court was authorized to act as he did.

weapons under the mattress. This court has held many times that the legality of the search need not be considered when the defendant testifies to or otherwise produces evidence of the same facts or if such facts are in the record without objection. Batiste v. State, 464 S.W.2d 149 (Tex. Crim.App.1971); Brown v. State, 457 S. W.2d 917 (Tex.Crim.App.1970); Young v. State, 422 S.W.2d 444 (Tex.Crim.App. 1968); Baity v. State, 455 S.W.2d 305 (Tex.Crim.App.1970); Castaneda v. State, 402 S.W.2d 766 (Tex.Crim.App.1966); Perez v. State, 396 S.W.2d 870 (Tex. Crim.App.1965); Gonzales v. State, 389 S. W.2d 306 (Tex.Crim.App.1965); McCain v. State, 363 S.W.2d 257 (Tex.Crim.App. 1963); Benavidez v. State, 164 Tex.Cr.R. 82, 296 S.W.2d 774 (Tex.Crim.App.1956).

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, J., not participating.

## ON APPELLANT'S MOTION FOR REHEARING

Rehearing denied.

ROBERTS, Judge (concurring).

The majority of the Court is of the opinion that appellant's motion for rehearing should be overruled without written opinion. I concur in the overruling of the motion, but would do so for the following additional reason.

In his motion for rehearing, appellant contends that this Court failed to meet the primary issue raised by his assertion of former conviction: namely, whether the court, by requiring as a condition of probation in the first case that appellant make restitution to both Bailey and Millican, caused the robbery of both men to become a single offense. Appellant maintains that the trial court's action in deleting the condition that restitution be made to Millican cannot act to defeat his plea of former conviction.

Upon reconsideration of the issue, I have concluded that the Court was correct in the original disposition of the case. However, I am now of the opinion that another reason, which is not stated in the original opinion, exists in support of the original holding.

Art. 42.12, § 3a, V.A.C.C.P., provides in part: "If probation is granted by the jury the court may impose only those conditions which are set forth in Section 6 hereof." One of the permissible conditions set forth in Section 6(h) of Article 42.12, supra, is, "[M]ake restitution or reparation in any sum that the court shall determine . . . ."

While the court is not required, when the jury recommends probation, to impose all of the conditions enumerated in Section 6, it may not impose additional conditions. O'Neal v. State, 421 S.W.2d 391 (Tex. Crim.App.1967).

Although I find no authority directly on point, I am of the opinion that the restitution or reparation contemplated in Section 6, does not include restitution to a party other than the victim of the crime for which the defendant was convicted.[1] That being the case, the court's action in requiring that restitution be made to Millican was not authorized by Section 6, and as such, was void ab initio, by reason of Section 3a. Therefore, the court's action in deleting the condition had no effect, for if the original condition was void and without effect, then its deletion changed nothing and in no way affected or acted to the detriment of appellant.

Since appellant was in no way affected in law by the court's action, his plea of

1. Upon trial before the court, I do not necessarily conclude that the court could not order that restitution be made to a person other than the victim. The pro-vision of Section 3a, limiting conditions of probation to those enumerated in Section 6, applies only when probation is granted by the jury.

former conviction, based upon the alleged transformation of two acts into one offense, is without merit.

For the reason stated, I concur in the overruling of appellant's motion for rehearing.

MORRISON, J., joins in this concurrence.