**Richard A. WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44849.**

Court of Criminal Appeals of Texas.

April 19, 1972.

---

Clayton, Friday, Friedman & Burroughs, by G. Lowell Clayton, Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana, with punishment assessed at two years probated. The trial was before the court upon a plea of not guilty.

The record reflects that appellant and a companion were stopped by Austin police while walking in an alleyway in downtown Austin during the late night hours of February 13, 1971. Officer Richards testified that when he got out of the police car, he began to "frisk" appellant and felt some hard objects in both of appellant's front pockets and that among the objects removed from appellant's front pockets was a plastic baggie containing "a dozen or so" marihuana cigarettes.

Appellant contends the court erred in permitting the State to introduce, over objection, the marihuana seized from him since it had been illegally seized in violation of his rights under Article 1, Sections 9, 10, and 19 of the Texas Constitution, Vernon's Ann.St., and the Fourth, Fifth, Sixth, and Ninth Amendments to the United States Constitution.

We need not determine whether the search was violative of appellant's constitutional rights since appellant, testifying in his own behalf at the trial, admitted having marihuana in his possession at the time in question. The record reflects that the following occurred during the direct examination of appellant:

"Q. Richard, the substance which was seized from your person on or about the 13th day of February, 1971, was that substance marijuana?

"A. Yes, it was."

In the recent case of Bradley v. State, 478 S.W.2d 527 (1972), this Court said: "This court has held many times that the legality of the search need not be considered when the defendant testifies to or otherwise produces evidence of the same facts or if such facts are in the record without objection. Batiste v. State, 464 S. W.2d 149 (Tex.Crim.App.1971); Brown v. State, 457 S.W.2d 917 (Tex.Crim.App. 1970); Young v. State, 422 S.W.2d 444 (Tex.Crim.App.1968); Baity v. State, 455

S.W.2d 305 (Tex.Crim.App.1970); Castaneda v. State, 402 S.W.2d 766 (Tex.Crim.App.1966); Perez v. State, 396 S.W.2d 870 (Tex.Crim.App.1965); Gonzales v. State, 389 S.W.2d 306 (Tex.Crim.App.1965); McCain v. State, 363 S.W.2d 257 (Tex.Crim.App.1963); Benavidez v. State, 164 Tex.Cr.R. 82, 296 S.W.2d 774 (Tex.Crim.App.1956)."

The judgment is affirmed.

Opinion Approved by the Court.