Larry GIRARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 61300.

Court of Criminal Appeals of Texas,
Panel No. 1.

April 14, 1982.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty. and John H. Hagler, Dan Garrigan and Ron Poole, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

## OPINION

ROBERTS, Judge.

A jury found the appellant guilty of aggravated robbery and assessed his punishment of 25 years confinement. He questions the sufficiency of the evidence.

In this offense a jeweler was robbed. The offense began with the jeweler's teen-aged sons being taken hostage. The boys were at home in Farmer's Branch when two men (Barnes and Redrick) who were not masked entered the house, tied them up, and blindfolded them. A third man then came in. The jeweler came home about 20 minutes later to find the men waiting for him with guns. Only one of the three men was wearing a mask and gloves; it was the State's theory that the appellant was this masked man. Of course, the jeweler could not identify the masked man; he could only say that the appellant was similar to the masked man in height (6′2″ or 6′3″) and build (athletic).

After taking some jewelry and money, the robbers had the jeweler view his sons and told him that the boys' lives depended on his cooperation. The jeweler then was forced to go back to his jewelry store with Barnes and Redrick. He was told that the masked man was staying at the house with the boys and that, if he cooperated at the store, a call would be made and the boys would be released. (In fact, the masked man apparently left the house quickly, for he was gone when the jeweler's wife got home about 5 minutes later.)

The jeweler's store was in northwest Dallas, about 2½ or 3 miles from his house. The jeweler gave Barnes and Redrick his jewelry and was tied up. The time was "approaching a quarter till nine." Barnes and Redrick fled in the jeweler's truck. It was found abandoned about a mile away.

At about 9:16 the appellant called a friend, Bogard, on the telephone and told him to come to the appellant's apartment for a Christmas present. Bogard arrived at the appellant's apartment in Richardson within 5 or 10 minutes. The appellant gave him a watch which had been taken from the jewelry store and a necklace which had been taken from the jeweler's house.

The appellant recognizes that unexplained possession of recently stolen property is a circumstance of guilt in a prosecution for robbery. *Batiste v. State*, 464 S.W.2d 149 (Tex.Cr.App.1971). His argument is that the evidence "does not exclude every other reasonable hypothesis except the defendant's guilt" because "this interval [between the robbery and the giving of the Christmas gifts] was not long enough to allow for what must have taken place under the State's theory:" namely, a rendezvous and an exchange of items. He also argues that there were "inconsistencies" in the State's case, such as the fact that no incriminating evidence was found in the appellant's apartment. He also argues that there were two reasonable hypotheses other than the appellant's guilt: that a third person was the masked man who gave the Christmas gifts to Bogard, or that Bogard himself was the masked man.

■ All these arguments are fallacious, and they are inconsistent with the role of an appellate court in reviewing the sufficiency of evidence. Our task is not to ask whether we believe that the evidence at trial established guilt beyond a reasonable doubt; it is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Cr.App. 1981). In circumstantial evidence cases, this test is translated into the requirement that the evidence exclude every reasonable hypothesis other than guilt. *Id.*, n. 5.

■ The appellant's argument that it was "improbable" that the robbers could have rendezvoused and exchanged items, so that he could have given away some of the loot within 45 minutes, is one for the jury. They apparently rejected it, and a rational trier of the facts would have been justified in doing so in light of the short distances which apparently had to be traveled. The same is true of the "inconsistencies," which

really are suggestions that certain incriminating evidence was not found, rather than evidence which actually was inconsistent with guilt.

The suggestions that the masked man could have been Bogard or a third person, are not "reasonable hypotheses other than guilt." This test of circumstantial evidence does not permit the alteration of the evidence to fit the hypothesis; obviously, there always will be a hypothesis of innocence if inculpatory evidence such as Bogard's testimony can be rejected. The correct procedure involves accepting the inculpatory circumstances, such as Bogard's testimony, and then asking if there is a reasonable hypothesis other than guilt which also would account for such circumstances.

■ In this case, the fact that the appellant was shown by Bogard's testimony to have been in possession of the loot so soon after the robbery was an inculpatory circumstance. Generally, the shorter the interval between the theft and the possession, the stronger is the circumstance (although the cases will vary according to such factors as the ease with which such property can be transferred). *See Hardage v. State*, 552 S.W.2d 837, 840 (Tex.Cr.App.1977). We hold that this very recent unexplained possession, together with the fact of the similarity of appearance and the fact that the appellant was a companion of at least one of the unmasked robbers, was sufficient evidence of guilt. *Cf. Batiste v. State*, 464 S.W.2d 149 (Tex.Cr.App.1971) (proof was sufficient when a man, whom the victim could not identify other than by race, was found nearby in possession of stolen property shortly after robbery).

Having rejected the appellant's argument that he should have been acquitted as a matter of law, we turn to his grounds of trial error. The third ground complains of the trial court's overruling an objection to jury argument, which must be put in context.

A deputy sheriff testified that about a week after the robbery suspects were arrested, he talked to the suspect Barnes in the sheriff's department. Before talking to Barnes, the deputy had never heard of the appellant's friend Bogard, who was a friend of Barnes as well. After talking to Barnes, the deputy instructed Barnes to call Bogard on the telephone and to tell him to bring to the sheriff's department the watch and any other jewelry from the robbery that the appellant had given him. Barnes made the call as instructed, and the deputy then told Bogard the same thing, adding that no charges would be filed against him if he brought in the jewelry. Bogard testified that he received such a call from Barnes and the deputy. This testimony was evidence of two statements which Barnes made out of court: his conversation with the deputy and his telephone call to Bogard. The appellant objected to the evidence of both statements, on the grounds that it was hearsay and that it denied the right to confront and cross-examine Barnes.

■ Generally speaking, hearsay is evidence of a statement made out of court which is offered for the purpose of proving the truth of such previous statement. R. Ray, 1A *Texas Law of Evidence* Sec. 781 (3d ed. 1980). The trial court ruled that the statements were not hearsay on the basis that "it's not being offered to prove the truth of itself, third party statement, [but] simply that the statement was made . . . ." * The State's counsel responded, "That's correct, Your Honor." This was in accord with counsel's earlier statement, "It's just being offered to show that the phone call was [made]." Therefore, the record shows that the evidence of Barnes' out-of-court statements was admitted on the basis that it was not offered for the purpose of proving the truth of such previous statements.

■ The appellant argued to the jury that Bogard was lying. The State's rebuttal was made by the same counsel who earlier had agreed that evidence of Barnes' statements was not offered to prove the truth of the statements. He argued:

---

* In another ground of error the appellant challenges this ruling. We do not reach that issue.

"Now, they say that the only testimony that we have that would convince you that this man's involved in a robbery is Woody Bogard's testimony. You know that thirteen days later Robert Woodrow Barnes knew that Larry Girard had given that property, had given that property—

[Appellant's Counsel]: Your Honor, I'm going to object to that. There's testimony in the record that it wasn't offered for the truth of it which he is arguing right now is outside the record.

THE COURT: Overrule your objection. It's in the record.

[State's Counsel]: Robert Woodrow Barnes, who had already been caught with the property, a man who was identified would have no reason to say that if it wasn't true. He said to Lynn Burk, 'Woody Bogard's got two pieces of property', and he called Woody Bogard up and said, 'Bring the property in that Larry Girard gave you'. You know that Woody Bogard told you that, you know that Lynn Burk who is the Chief Deputy told you that. Now, if it didn't really happen that way, how does a man who you know was identified, who was found with the property on him or at the place where he was staying, how did he know about it."

Of course, this was an explicit argument that the evidence of Barnes' out-of-court statements was to be considered as proof of the truth of such statements. By so arguing, the State's counsel contradicted his earlier representations and, effectively, presented hearsay which had not been admitted in evidence. The appellant's objection was well taken, and the trial court's overruling of it contradicted its earlier ruling that the evidence of such statements was not admitted to prove their truth.

The State's only answer to this ground of error is that, by arguing that Bogard was a liar, the appellant "injected" a fact which invited the State to reply in like fashion. The rule on invited error is that the prosecutor may go outside the record in his argument to respond to argument of defendant's counsel that was outside the

record, but if defense counsel's argument was not an impermissible venture outside the record, the State is not entitled to respond by going beyond the record. *Thornton v. State*, 542 S.W.2d 181, 183 (Tex.Cr. App.1976). The argument that Bogard was a liar was not outside the record; it was a deduction from Bogard's testimony that he had stated, under oath, two different dates on which he had received the stolen jewelry.

In a closely contested case such as this one, which depended on proof that the appellant gave the stolen jewelry to Bogard, the error in permitting such an argument cannot be called harmless. The judgment is reversed and the cause is remanded.